In the Matter of the Petition of BROOKLYN TRUST COMPANY, to Render and Settle Its Final Account as Executor, etc., of ALFRED L. SIMONSON, Deceased.

THE METHODIST EPISCOPAL HOSPITAL IN THE CITY OF BROOKLYN, Appellant; BROOKLYN TRUST COMPANY, as Executor, and FRANCES L. SIMONSON, Respondents.

Second Department, November 25, 1921.

Dower — antenuptial agreement that wife should have stated sum out of estate in lieu of dower — provision in codicil did not release widow from antenuptial agreement not to claim dower — widow not entitled to dower after accepting sum specified in antenuptial agreement and will — widow must have renounced all provisions in will in her favor in order to elect to take dower.

The decedent entered into an antenuptial agreement which provided that his wife should have $5,000 out of his estate at his death and no dower or other interest therein. In a codicil to his will he provided as follows:

" The foregoing provisions of this my will made for my wife Frances F. Simonson are so made to her in addition to the five thousand dollars which by an antenuptial agreement that I have entered into with her, dated June 16, 1902, I agreed to give her in lieu of dower in my estate, otherwise said provision made in this my will to my said wife shall be taken by her in lieu of all dower in my estate." After the testator's death the widow received the $5,000 and claimed dower in certain real estate.

*Held,* that the codicil did not release the widow from her antenuptial agreement not to claim dower; but, if it did so release her, its effect at the most was to give her an election to accept the provisions of the will in her favor or reject them and take her dower, and that meant that if she took the $5,000 as given by the will, she would have to give up her dower, and, therefore, having accepted the $5,000, she was not entitled to any dower in the decedent's estate.

Under section 200 of the Real Property Law, the widow must have renounced all the provisions of the will in her favor in order to elect to take dower.

APPEAL by the Methodist Episcopal Hospital in the City of Brooklyn, residuary legatee, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 19th day of April, 1921, which, as incidental to an accounting by the Brooklyn Trust Company, as executor of the last will and testament of Alfred L. Simonson, deceased, construed certain provisions of it and directed distribution accordingly.

*George S. Ingraham,* for the appellant.

*Ralph W. Crolly,* for the respondent Brooklyn Trust Company, as executor.

*James G. Moore* [*Evarts L. Prentiss* with him on the brief], for the respondent Frances L. Simonson.

MILLS, J.:

There is no dispute as to the material facts, which are the following. The respondent Frances L. Simonson (then Lougee), on June 16, 1902, entered into a written agreement with the testator in his lifetime in anticipation of their marriage which shortly followed. The gist of that agreement, so far as affecting the problems here presented, was that she, the wife, should have $5,000 out of the testator's estate at his death and no dower or other interest therein. He died

in Kings county on February 13, 1914, leaving a will dated
April 1, 1910, and two codicils, dated respectively May 6,
1913, and October 21, 1913, all of which were duly probated
in that court shortly after his death, and letters testamentary
thereon issued to the said company. The will, in the 1st
to the 19th clauses inclusive, gave certain specific bequests
to various persons, which included one, the 19th, to the
widow of the household effects except money and securities.
The balance of the estate was, by the 20th clause, given to
various different legatees, which legacies, as modified to some
extent by the codicils, amounted to the aggregate sum of
$14,650, with direction that the balance over these legacies
should be divided into three shares to be held upon certain
stated trusts, which it is unnecessary to define as there is
no such balance, except it may be stated that the widow was
given certain interests therein. The following 23d clause
provided that the provisions in the will in favor of the widow
were in lieu of dower and also of her right in his estate under
the antenuptial agreement. The first codicil, after making
certain changes in the specific bequests not material here,
modified the 23d clause of the will so as to make it read as
follows: " The foregoing provisions of this my will made
for my wife Frances F. Simonson are so made to her in addition
to the five thousand dollars which by an antenuptial agree-
ment that I have entered into with her, dated June 16, 1902,
I agreed to give her in lieu of dower in my estate, otherwise
said provision made in this my will to my said wife shall be
taken by her in lieu of all dower in my estate." The second
codicil did not affect in any way the questions here involved.
The widow has received from the executor the $5,000 pro-
vided for in the antenuptial agreement. The testator left
certain real estate, and the executor wishing to sell it, and
she claiming dower out of it, she and the executor entered into
a written agreement by which the sale was effected with her
releasing her claim to dower, and in effect transferring her
claim to the proceeds of the sale. Apparently $23,500 were
realized from the sale, and her dower right therein, if she
had such, has been computed to be $4,817.89 with interest
thereon from February 18, 1914. She elected to take dower
instead of the provisions in her behalf contained in the will.

The learned surrogate construed the said 4th clause of the first codicil, which modified the 23d clause of the will as above stated, so that it gave her the $5,000 provided for in the antenuptial agreement free from the bar of dower therein contained, and so that the other provisions of the will for her benefit were made in lieu of dower. Therefore, he held and decided that she had the right to take the $5,000 and to claim and receive dower. The decree was made accordingly. It may be added here that the trust company has not appealed and practically stands neutral between the appellant which has the principal residuary legacy, $10,000, and the widow. The estate is so small that upon the basis of the construction adopted by the Surrogate's Court the appellant receives only $615.20, or a little over six per cent of the nominal amount of its legacy.

The appellant's contention is that the true construction of the 23d clause of the will as modified by the first codicil is that the widow takes the $5,000 under the antenuptial agreement only upon the terms and limitations therein stated, that is, " in lieu of dower." The learned surrogate at first took that view, as indicated by his first opinion dated February 23, 1921. Later, after reargument, he changed his view and, as indicated by his second opinion, adopted the view and reached the conclusion above stated, as embodied in the decree. In that opinion he held that the effect of the modified 23d clause was to give her the $5,000 free and clear of the bar of dower, and to make the other provisions of the will alone bar the dower. I do not agree with that view or conclusion. The learned surrogate based his conclusion mainly upon the use of the word " otherwise " in the modified clause. He was unable upon any other view to give any sense to that word in the concluding phrase, " otherwise said provision made in this my will to my said wife shall be taken by her in lieu of all dower in my estate." While it must be recognized that the term " otherwise " is inaptly used, yet I think that it must be regarded only as a reiteration for greater certainty of the testator's idea that the widow was by the terms of the antenuptial agreement not to have dower. Indeed, in the former part of that very sentence, in reciting that agreement he speaks of it as being " in lieu of all dower in

my estate." Moreover, if the entire 23d clause as so modified is to be construed as giving the $5,000 free from the limitation contained in the antenuptial agreement, it is pertinent to inquire upon what theory the learned surrogate relieved the widow from the duty of waiving that provision of the will in her favor as a condition precedent to her electing to receive dower. Certainly at least the entire modified 23d clause is a provision for the wife in lieu of dower. Therefore, under sections 200 and 201 of the Real Property Law she must within one year renounce all the provisions of the will in her favor in order to elect to take her dower; but here she has actually taken the $5,000 with interest thereon. The proposition of the decision of the Surrogate's Court here is that the effect of the will is to release the widow from the bar of her dower imposed by the agreement, and still that she has the right to retain that benefit under the will, that is, that release, and also to elect to take her dower. With this view I cannot agree, as it seems plain to me that, at all events, under said section 200 she must have renounced all the provisions of the will in her favor in order to so elect.

Therefore, I hold (a) that the modified 23d clause did not release the widow from her antenuptial engagement not to claim dower; and (b) that if it did so release her its effect at the most was to give her an election to accept the provisions of the will in her favor or to reject them and take her dower, and that meant that if she took the $5,000 as given by the will, she would have to give up dower. It all comes to one and the same thing — whether the testator intended that the bar of dower in the agreement should continue or not; but in the latter view she could accept the provisions of the will in her favor only at the expense of giving up her dower. In the former view she had no such election whatever. Very likely the testator's thought in the matter was merely to make certain by the reiteration of the last phrase in the clause that his giving something under the agreement would not have the effect of removing the bar to dower.

Therefore, I advise that the decree appealed from be reversed, with costs to be paid out of the estate to each party appearing, and that the matter be remitted to the Surro-

gate's Court of Kings county for determination according to the views herein expressed.

BLACKMAR, P. J., PUTNAM, KELLY and MANNING, JJ., concur.

Decree of the Surrogate's Court of Kings county reversed, with costs to be paid out of the estate to each party appearing, and matter remitted to said court for determination in accordance with opinion.